J-S75040-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSEPH WILLIAM CHAPMAN, :
:
Appellant : No. 856 WDA 2017

Appeal from the PCRA Order April 4, 2017
in the Court of Common Pleas of Cameron County,
Criminal Division at No(s): CP-12-CR-0000021-2013

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED FEBRUARY 14, 2018

Joseph William Chapman ("Chapman") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). See 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Relevant to this appeal, in February 2013, Chapman was charged with various offenses arising from an incident, which occurred between approximately November 2005 and January 2006, during which Chapman forced his then-wife's minor son, who was 4 years old at the time, to perform oral sex on him.[1] On September 8, 2014, following a jury trial,

_____

[1] The delay between the assault and the filing of the Criminal Complaint was the result of Chapman's escape from the McKean County Jail, where he was serving a sentence on other charges, and the minor victim's delay in reporting.

Chapman was convicted of involuntary deviate sexual intercourse ("IDSI") with a child and statutory sexual assault. See 18 Pa.C.S.A. §§ 3123(b), 3122.1. The trial court deferred sentencing, ordered a pre-sentence investigation report, and ordered Chapman to undergo an assessment by the Sexual Offenders Assessment Board. By Order dated July 21, 2015,[2] following a hearing on the matter, the trial court determined Chapman to be a sexually violent predator ("SVP") under the Sexual Offender Registration and Notification Act ("SORNA").[3] On October 20, 2015, the trial court sentenced Chapman to an aggregate term of 15 to 40 years in prison,[4] and issued Notice, pursuant to section 9799.23 of SORNA, that Chapman is subject to mandatory lifetime registration as an SVP. See 42 Pa.C.S.A. § 9799.15(a)(6). Chapman did not file a direct appeal.

On June 20, 2016, Chapman filed the instant timely PCRA Petition, asserting that his trial counsel was ineffective for failing to introduce evidence that would have created reasonable doubt. The PCRA court conducted a hearing on October 18, 2016, during which Chapman and trial counsel had the opportunity to testify, and various exhibits were introduced. The PCRA court subsequently denied Chapman's Petition. Chapman filed a

_____

[2] The Order was entered on the docket on July 31, 2015.

[3] See 42 Pa.C.S.A. §§ 9799.10-9799.41.

[4] This portion of the Sentencing Order was entered on the docket on October 26, 2015.

timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise

Statement of matters complained of on appeal.

On appeal, Chapman raises the following issues for our review:

I. Whether [] trial [] counsel was ineffective for not asking the alleged victim of IDSI whether [Chapman] had a piercing (Prince Albert) on his penis[?]

II. Whether trial counsel was ineffective for failing to question … the wife of [Chapman] as to a number of men that she dated and brought into the home during the time of the alleged sexual assaults on the victim[?]

Brief for Appellant at 2.

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted). Additionally, "where the record supports the PCRA court's

credibility determinations, such determinations are binding on a reviewing

court." Commonwealth v. Davis, 17 A.3d 297, 305 (Pa. 2011).

In his first claim, Chapman asserts that trial counsel was ineffective for

failing to ask the minor victim whether Chapman had a piercing on his penis

at the time of the assault. Brief for Appellant at 6. Chapman points out that

the victim could not identify the piercing during Chapman's first trial, which

ended in a mistrial. Id. at 6-7.

Chapman failed to include citation to and discussion of relevant legal authorities in support of his contention, with the exception of a recitation of the test for ineffective assistance of counsel. Instead, Chapman asserts his disagreement with trial counsel's stated reasons for failing to question the minor victim in this regard, and baldly claims that he was prejudiced by counsel's inaction because he maintains his innocence. Accordingly, Chapman's first claim is waived. See Pa.R.A.P. 2119(a) (providing that the argument section shall include "such discussion and citation of authorities as are deemed pertinent."); see also Commonwealth v. Samuel, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).[5]

In his second claim, Chapman argues that trial counsel was ineffective for failing to question the victim's mother about other men that she had dated and brought to their home around the time of the assault. Brief for Appellant at 10. Chapman also claims that he provided trial counsel with the names of potential witnesses, but "[t]rial counsel failed to investigate and interview potential witnesses who were present with the victim in the trailer during the time of the alleged sexual assaults." Id.

_____

[5] Even if Chapman had preserved this claim, we would have concluded that it lacks merit for the reasons stated by the PCRA court in its Opinion. See PCRA Court Opinion, 4/5/17, at 6-7.

Chapman failed to include citation to and discussion of any relevant legal authorities in support of his contention. Because Chapman failed to adequately develop his claim, it is waived. See Pa.R.A.P. 2119(a); see also Samuel, supra.[6]

Based upon the foregoing, we affirm the denial of Chapman's PCRA Petition.[7]

_____

[6] Even if Chapman had preserved this claim, we would have concluded that it lacks merit for the reasons stated by the PCRA court in its Opinion. See PCRA Court Opinion, 4/5/17, at 7-10.

[7] While Chapman has not raised a claim regarding his registration requirements under SORNA, we acknowledge this Court's recent decision in Commonwealth v. Butler, 2017 WL 4914155 (Pa. Super. 2017). The Butler Court concluded that, in light of our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (concluding that SORNA's registration requirements constitute criminal punishment), "section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." Butler, 2017 WL 4914155, at *6; see also 42 Pa.C.S.A. § 9799.24(e)(3) (providing that "[a]t the [SVP] hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator."). Our Supreme Court has not yet considered whether Butler applies retroactively to cases pending on collateral review. However, this Court's reasoning in Butler was based on the United States Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"), which our Supreme Court has held does not apply retroactively where, as here, the judgment of sentence is final. See Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016) (holding that "Alleyne does not apply retroactively to cases pending on collateral review"). Accordingly, we decline to construe Butler to apply retroactively to cases pending on collateral review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/14/2018